UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL HICKMAN, et al.,**

      **Plaintiffs,**

  v.

**JARREL BURCHETT, et al.,**

      **Defendants.**

Case No. 2:07-cv-743
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's January 8, 2008 Motion for Default under Fed. R. Civ. P. 55. (Doc. # 6.) Putting aside for the moment the merits of whether Defendants failed to plead or otherwise respond in a timely manner, the Court recognizes that Plaintiff's request is procedurally flawed.

The docket fails to indicate that, prior to seeking a default judgment, Plaintiff first obtained from the clerk an entry of default as contemplated by Rule 55(a). An entry of default is distinct from entry of a default judgment. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2692 (3rd ed. 2003); S.D. Ohio Civ. R. 55.1(b). By asking for a default judgment, Plaintiff has failed to follow the sequential procedure set forth in the Rule. *See Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997) ("In order to obtain a default judgment under Rule 55(b)(2), there must first be an entry of default as provided by Rule 55(a)."). *See also Webster Indus., Inc. v. Northwood Doors, Inc.*, 244 F. Supp. 2d 998, 1003 (N.D. Iowa 2003) (" 'entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)' " (quoting *Hayek v. Big Brothers/Big Sisters of*

*America*, 198 F.R.D. 518, 520 (N.D. Iowa 2001))); *Lee v. Brotherhood of Maint. of Way Employees–Burlington N. Sys. Fed'n*, 139 F.R.D. 376, 380 (D. Minn. 1991) ("an entry of default is a prerequisite to a default judgment under Rule 55(b)").  The Court therefore cannot enter a default judgment under Rule 55(b).  *Cf. O.J. Distrib., Inc.*, 340 F.3d . at 352 (" 'Rule 55 permits the clerk to enter a default when a party fails to defend an action as required.  The court may *then* enter default judgment.' "  (Emphasis added)) (quoting *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002)).

    For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Default Judgment.  (Doc. # 6.)

    **IT IS SO ORDERED.**

                                         **/s/ Gregory L. Frost**
                                         **GREGORY L. FROST**
                                         **UNITED STATES DISTRICT JUDGE**